## Ex parte Powers et al.

A mandamus will not be granted, to compel a judge of a District Court, in the trial of a rule to show cause why a party should not be punished for a contempt, to allow defendant to except to the admission of testimony and to his refusal to permit the evidence to be reduced to writing, nor to compel him to allow an appeal.

APPLICATION for a mandamus to the First District Court of New Orleans, *McHenry,* J. In this case the counsel of *Powers* and others, presented the following petition:

" To the Honorable the Judges of the Supreme Court of the State of Louisiana.—The petition of *William Powers, William Lennox,* alias *Scotch Bill,* and *John Reese,* alias *English Jack,* respectfully represents : That a certain *John Duggan* presented a petition against your petitioners and others, in the First District Court of the city of New Orleans, whereof *John McHenry,* Esq. is the judge, alleging that your petitioners had violated a privilege of which the said *Duggan* pretends to be the owner, and which, as he avers, gives him the exclusive right of keeping a ferry and of carrying passengers for hire between the first and second wards of the second municipality, and the right bank of the river Mississippi, and which privilege the said *Duggan*

pretends that your petitioners have violated, and applied for an injunction, restraining petitioners from violating the aforesaid pretended exclusive right, which injunction was granted, as the whole will more fully appear from the copy of the petition and order of injunction hereto annexed.

" Petitioners further aver that on monday, the 29th January, 1849, the said *Duggan* appeared in the said First District Court by *J. G. Sever, Esq.*, his counsel, and having filed an affidavit setting forth that petitioners had violated the injunction, moved that they show cause on the next day, the 30th of January, at 10 o'clock a. m. why they should not be punished for a contempt of the authority of said District Court and the disregard of its mandate, as per copy of said motion hereto annexed will more fully appear.

" Your petitioners further show, that on the trial of said motion, after petitioners had answered the same, denying under oath the facts set forth in *Duggan's* affidavit, the said judge permitted said *Duggan* to be sworn and examined as a general witness notwithstanding his interest in the cause, and notwithstanding the opposition made to his competency by the counsel of your petitioners; that the said judge also refused said counsel of your petitioners to take a bill of exception to the admission of said testimony, and to have all the testimony in the cause reduced to writing; and proceeded to give judgment condemning petitioners to five days imprisonment, upon the sole testimony of the aforesaid *Duggan*, and without regard to the evidence adduced by your petitioners.

" Petitioners further show, that the said judge forthwith ordered your petitioners to be taken into custody, and that they are now in actual confinement, although they, immediately after the delivery of the opinion of the court, applied to the aforesaid judge to allow them an appeal to this honorable court, which appeal the judge refused.

" In consideration of the premises petitioners pray that this honorable court will grant them a writ of mandamus requiring the Honorable *John McHenry*, judge of the First District Court of New Orleans, to show cause why he should not allow petitioners to except to the admission of the testimony of *Duggan*, and his refusal to permit the testimony taken on the trial of the aforesaid motion to be taken down by the clerk of the court, and to compel him to grant petitioners an appeal from his aforesaid judgment. And your petitioners protesting that the said judgment is illegal and erroneous, and does them irreparable injury, further pray for general relief, &c.

"Schmidt, of counsel."

The petition was accompanied by an affidavit of counsel, that the facts stated therein are true, and with a copy of the petition for an injunction, and of the rule on *Powers et al.* to show cause why they should not be punished for a contempt. The judgment of the court was pronounced by

Slidell, J. It is ordered that the application for a mandamus be refused, no case being exhibited for the interposition of the court.